IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA K. STEPHENS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CIV-20-257-SM |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
|     Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Cynthia K. Stephens (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 21-22.[1]

Plaintiff argues the ALJ committed legal error when he "failed to follow the required legal standards." Doc. 26, at 5. And, she maintains substantial evidence does not support "his hypothetical question, RFC,[2] and Step Four

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945 (a)(1).

findings" on her ability to perform her past relevant work. *Id.* Relatedly, Plaintiff contends the ALJ failed to recognize she "grids out" and neglected to perform an adequate consistency analysis. *Id.* After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court concludes that the ALJ did not commit legal error and substantial evidence supports the ALJ's decision. The Court thus affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I. **Administrative determination.**

   A. **Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

   B. **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work

activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. Here, the ALJ found Plaintiff did not make the required showing.

### C. Relevant findings.

#### 1. ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 11-20; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) did not engage in substantial gainful activity since November 27, 2017, the amended alleged onset date;

(2) had the severe medically determinable impairments of ischemic heart disease (status post myocardial infactions [sic]), congestive heart failure, hypertension, and sleep apnea;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the RFC to perform sedentary work with additional restrictions;

(5) had the ability to perform past relevant work as a short-sale mortgage analyst; and thus

(6)     had not been under a disability from November 27, 2017 through April 16, 2019.

*See* AR 12-20.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-3, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the

evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

## B. Issues for judicial review.

Plaintiff argues:

> **II. Specific Errors of the ALJ Presented for Review.** (1). The ALJ failed to follow the required legal standards and his hypothetical question, RFC, and Step Four findings are not supported by the required substantial evidence. (2). The ALJ failed to find Claimant "grids out" under the Medical-Vocational Rules. (3). The ALJ failed to perform a proper consistency/credibility evaluation.

Doc. 26, at 5. Within the first contention, Plaintiff argues the evidence does not support the ALJ's findings and step-four determination that Plaintiff could perform her past relevant work. *Id.* She next argues the ALJ's findings failed to consider "[t]he effects of all severe and nonsevere impairments . . . throughout the disability determination," constituting reversible error. *Id.* She also challenges the ALJ's weighing of expert testimony. *Id.* at 9-10. Finally, she maintains the ALJ performed a faulty consistency analysis. *Id.* at 12-15. Because the ALJ did not commit legal error and because substantial evidence supports the ALJ's conclusion, the Court affirms the ALJ's decision.

## III. The ALJ did not commit legal error because he considered all appropriate limitations.

Plaintiff claims the ALJ "included no nonexertional limitations in his hypothetical question and RFC" regarding Plaintiff's severe sleep apnea, which

5

"causes significant limitations." *Id.* at 5. As the Commissioner responds, "the ALJ limited her to sedentary work, the least demanding of all work categories"—a finding three physicians support—and "[t]here was no objective medical evidence suggesting greater limitations." Doc. 30, at 10. The ALJ noted Plaintiff testified she uses a BiPAP machine to help with the sleep apnea, which "has resulted in some benefit," and that "she takes numerous breaks throughout her daily tasks." AR 15 (citing hearing testimony). Plaintiff further testified she tries to take a daily afternoon nap lasting from 35 minutes to an hour. *Id.* at 68. There is no evidence in the record supporting Plaintiff's claim that "her severe sleep apnea would preclude her [past relevant work] and all jobs because she would reasonably fall asleep on the job, her concentration and memory are affected, and she does not achieve rest that would allow for substantial gainful activity." Doc. 26, at 5-6.

Plaintiff further argues she "has complained of, and her record contains notes regarding symptoms that support additional nonexertional limitations reasonably related to sleep apnea including daytime sleepiness and fatigue." Doc. 31, at 7. But Plaintiff cites no evidence in the record to support this contention. Instead, the ALJ considered the relevant evidence in the record, testimony, and physicians' opinions about Plaintiff's severe sleep apnea

6

condition to find that Plaintiff could perform sedentary work with the stated limitations, and the record supports this finding.

Plaintiff also maintains the ALJ "failed to include concomitant limitations for [her nonsevere] conditions" of "diabetes mellitus, headaches, and right hip trochanteric bursitis." *Id.* at 6. The Court agrees that the ALJ must consider all of a claimant's impairments—both severe and non-severe—singly and in combination, when formulating a claimant's RFC. *See, e.g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]t step two, the ALJ must consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to survive step two." (internal quotation marks and alternations omitted) (quoting *Langley v. Barnhart*, 373 F.3d 1116, 1123-24 (10th Cir. 2004) (quoting 20 C.F.R. § 404.1523))); *see also Hill v. Astrue*, 289 F. App'x 289, 292 (10th Cir. 2008) ("In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") (citations omitted).

As the Commissioner argues, the ALJ considered these "nonsevere impairments, and in fact, explained why they did not impose any work-related limitations." Doc. 30, at 11. The ALJ noted that "[t]hese impairments appear

7

at one point or another in the . . . record . . . ." AR 13. The ALJ then found "there is no evidence that these impairments result in significant, lasting complications" and "[t]he overall evidence does not reveal that these impairments result in any significant work related limitations." *Id.* This finding is consistent with the record and the determinations of the state agency medical consultants, Dr. David Bailey and Dr. David Coffman, and the cardiologist who testified at Plaintiff's hearing, Dr. Subramaniam Krishnamurthi.[3] *See id.* at 50-51, 80-89, 102-12. Plaintiff does not point to any objective evidence in the record showing that her non-severe impairments, either individually or in combination with her other impairments, resulted in any functional limitations. *See Welch v. Colvin*, 566 F. App'x 691, 695 (10th Cir. 2014) (finding that "even if the ALJ did err, such error is harmless because [the claimant] fails to identify—and we do not discern—any resulting prejudice" since there was no evidence that such impairments restricted the claimant's ability to work).

---

[3]  The ALJ found Dr. Krishnamurthi's opinion "only somewhat persuasive" because "he did not have the opportunity to personally examine [Plaintiff]" and "he provided his opinion . . . before [Plaintiff] provided her subjective testimony." AR 18-19. The expert opined Plaintiff could perform work at the light exertional level, while the ALJ found Plaintiff more limited based on his other findings. *Id.*

8

Plaintiff further argues the ALJ "incorrectly found 'there is no evidence of mental health treatment or a diagnosis of an anxiety disorder by an acceptable medical source.'" Doc. 26, at 8 (citing AR 13). But as the Commissioner points out, "there is no diagnosis of anxiety in the record at all." Doc. 30, at 12. In his findings, the ALJ considered the determinations of state agency psychiatric consultants "[b]ased on a review of the overall record," that Plaintiff "did not have a medically determinable mental impairment." AR 13 (citing the record). The ALJ noted the record indicated only her reported symptoms, or her "allegations regarding symptomatology." *Id.* Plaintiff "reported that she has never seen a psychiatrist/psychologist, never been recommended to see one, and reported no significant limitations . . . [and she] remarked that her sense of anxiety comes from her h[istory] of heart attacks and fatigue." *Id.* at 94, 106-07. Thus, the record and medical experts' opinions are consistent with the ALJ findings.

Thus, the ALJ properly considered the evidence in the record and fulfilled his duty to consider Plaintiff's sleep apnea and non-severe impairments. Substantial evidence supports the ALJ's RFC assessment for this contention. This Court will not reweigh the evidence, and therefore finds no error in the ALJ's decision. *See Garrison v. Colvin*, 564 F. App'x 374, 378 (10th Cir. 2014) ("The ALJ's discussion of the evidence and his reasons for his

conclusions demonstrate that he considered all of [the claimant]'s impairments," and the "limited scope of review precludes this court from reweighing the evidence or substituting [its] judgment for that of the Commissioner.") (internal quotation marks and citation omitted).

## IV. Substantial evidence supports the ALJ's conclusion about her past relevant work.

Plaintiff relatedly argues that since she "cannot perform her [past relevant work] and is limited to the sedentary exertion level of work with no nonexertional limitations, the ALJ should have found that, based upon her age, education, and work experience, she 'grids out' and is disabled." Doc. 26, at 12. She claims the lack of testimony about education level and transferability of skills supports her argument that she could not perform her past relevant work. *Id.*

The ALJ based his past relevant work determination on the testimony of the vocational expert, *see* AR 73-75, based on a hypothetical individual with Plaintiff's past jobs:

> This position meets the requirements set forth in SSR 82-62 to qualify as past relevant work. The claimant's earnings record reveals that her wages were well above the presumptive threshold for substantial gainful activity from 2006 through 2010 (12D, 13D). Regarding duration, she performed the position for approximately five years, which was a sufficient amount of time for her to learn the techniques, acquire information, and develop the facility needed for average performance of the SVP 5 skilled position. The work was also performed within the last 15 years, thus it meets the recency requirement for past relevant work. As such, the

> claimant's work as a short-sale mortgage analyst constitutes past relevant work (20 CFR 404.1565, 416.965, SSR 82-62).
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as it is generally performed in the national economy. The vocational expert testified that an individual with the same age, education, and work experience as the claimant, along with the above listed residual functional capacity, could perform work as a short-sale mortgage analyst, but only as it is generally performed.

AR 20.

That conclusion considered her ability to perform at a skilled SVP 5 position. There is no merit to the argument that the ALJ erred by failing to make a finding about the existence of transferable skills, because the ALJ concluded Plaintiff can return to her past relevant work. C*f.* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00(d); s*ee also* 20 C.F.R. 404.1560(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled" without considering "your vocational factors of age, education, and work experience . . . ."); *Leston v. Shalala*, 13 F.3d 405, at *2, 1993 WL 498185, at *2 (10th Cir. Dec. 2, 1993) (unpublished) ("The regulations make it abundantly clear that vocational factors such as age and transferable skills do not come into play unless and until it is determined that the claimant cannot do past relevant work."). Because this argument is based on Plaintiff's erroneous claim

that the ALJ erred in his step-four findings and conclusion that she can perform her past relevant work, the undersigned rejects it.

## V. Substantial evidence supports the ALJ's persuasiveness conclusions.

Plaintiff challenges the ALJ's persuasiveness categorization of the medical opinions, arguing the ALJ "erroneously found [Plaintiff's] treating cardiologist's opinions, which indicate Claimant cannot perform her [past relevant work] or any competitive work, . . . are 'not persuasive.'" Doc. 26, at 9. Plaintiff also complains "[t]he ALJ preferred the opinions of his reviewers," even though "[t]here is no indication that any of [them] have expertise in cardiology and they certainly never examined [Plaintiff]," while Plaintiff's cardiologist, Dr. Michael Sellers, performed her surgery and "followed her care." *Id.* at 10.

The Commissioner responds that "[t]he ALJ reasonably found that the extreme limitations in Dr. Sellers's opinion were not supported by his treatment notes, other medical records, and Plaintiff's continued work with child care." Doc. 30, at 13.

The most important factors the ALJ considers in determining the persuasiveness of a medical opinion are supportability and consistency, the latter involving the consistency of the medical opinion "with the evidence from other medical sources and nonmedical sources." 20 C.F.R. § 404.1520c(b)(2),

12

(c)(2); *id.* § 416.920c(b)(2), (c)(2). And the ALJ should "explain how [h]e considered the supportability and consistency factors for a medical source's medical opinions . . . in [his] determination or decision." *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Here, the ALJ determined that "the opinion of Dr. Sellers is not persuasive" "[b]ecause it is inconsistent with and not supported by the overall record." AR 19. He explained this determination citing the record. *Id.* A review of the record and Dr. Sellers's notes supports the ALJ's findings that the doctor's assessment of Plaintiff's work limitations, *see id.* at 500-04, is inconsistent with his own notes and the overall record. *See, e.g.*, *id.* at 475-76, 478-79, 481-83. The ALJ also explained his determinations that the opinions of the state agency medical experts, Dr. Bailey and Dr. Coffman, were persuasive, again citing the medical record, and that Dr. Krishnamurthi's opinion was only somewhat persuasive. *Id.* at 18. This conflicts with Plaintiff's claims that the ALJ's determinations were "[w]ithout the required legally supported explanation of why he found some opinions persuasive and others unpersuasive" and that she "is prejudiced by the ALJ's failure to properly and fairly consider Dr. Sellers' opinion." Doc. 31, at 3, 5. Because the ALJ explained the weight he gave each of the medical opinions, and the evidence supports the ALJ's findings, the Court cannot substitute its judgment for his findings. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) (concluding that the reviewing

13

court's analysis ends where "the record contains substantial support for the ALJ's decision" of the weight given to a treating physician, because it "may neither reweigh the evidence nor substitute [its] judgment for the Commissioner's") (internal quotation marks, citation, and alternations omitted).

## VI. Substantial evidence supports the ALJ's consistency analysis.

Last, Plaintiff challenges the ALJ's determination that "'her statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . .'" Doc. 26, at 13 (quoting AR 15). Plaintiff argues this explanation "is disfavored boilerplate language." *Id.*

The Commissioner maintains that "[t]he ALJ reasonably found that Plaintiff's claims stood in direct conflict with the medical evidence." Doc. 30, at 14 (citing AR 16). In his determination of the inconsistency between Plaintiff's subjective testimony and the overall record, the ALJ highlighted "her activities of daily living, current work activity, and the objective findings . . . [in the] medical record revealing improvement in her cardiovascular symptoms." AR 15. The ALJ further explained the inconsistency of Plaintiff's allegations with the objective medical record and her stated daily activities. *Id.* at 19. As the Commissioner argues, "the medical record showed good response to rehab, normal objective findings, and three physicians found that Plaintiff could

perform at the same level as found by the ALJ." Doc. 30, at 14. "The ALJ also reasonably noted that Plaintiff's admitted work with child care was inconsistent with her claims to not be able to handle even sedentary work." *Id.* at 15 (citing AR 19).[4] And the ALJ heeded some of Plaintiff's subjective complaints, rejecting Dr. Krishnamurthi's limitation to light work partly because he did not hear Plaintiff's "subjective testimony." AR 19. The record supports the ALJ's findings of inconsistencies in Plaintiff's alleged limitations, and the Court will not upset the ALJ's determinations. *See White*, 287 F.3d at 909-10 (acknowledging "the ALJ's credibility findings warrant particular deference" and the reviewing court "will not upset those findings" where "the ALJ adequately supported his credibility determination" and "set forth the reasons supporting his negative credibility assessment").

## VII. Conclusion.

Because the ALJ applied the correct legal standards and substantial evidence supports the ALJ's decision, the Court affirms the Commissioner's decision.

---

[4] At the hearing, Plaintiff testified that stress was the reason she did not think she could perform her old job as a short-sale mortgage analyst, stating "[i]t's very stressful" and she does not think her "heart could handle it." AR 68-69.

**ENTERED** this 22nd day of February, 2021.

                                                  SUZANNE MITCHELL
                                                  UNITED STATES MAGISTRATE JUDGE